NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4536
_____

UNITED STATES OF AMERICA

v.

RODNEY GUY GREENE,

Appellant

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-07-cr-00120-001)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted Under Third Circuit LAR 34.1(a)
March 11, 2011
_____

Before:  SCIRICA, AMBRO, and VANASKIE, Circuit Judges

(Opinion filed March 28, 2011)
_____

OPINION
_____

AMBRO, Circuit Judge

Rodney Greene pled guilty to mail fraud, identity theft, access device fraud, and

forgery in June 2008.  The District Court of the Eastern District of Pennsylvania

sentenced Greene in November 2009 and he filed a timely notice of appeal.

Subsequently, Greene's attorney moved to withdraw as counsel under *Anders v. California*, 386 U.S. 738 (1967), asserting that all potential grounds for appeal are frivolous. Greene has filed *pro se* briefs in support of his appeal. We grant his counsel's *Anders* motion and affirm his sentence.

I.

Because we write solely for the parties, we recite only those facts necessary to our decision. From approximately June 2004 to January 2006, Greene engaged in a fraudulent scheme in which he stole identification and financial information of six individuals, used that information to open credit card accounts and accounts with a federal credit union, and then used those fraudulent accounts to obtain money and merchandise. Greene obtained approximately $28,874.29 as a result of his fraudulent activities. He also prepared fraudulent documents purporting to be valid subpoenas, issued in non-existent federal cases, on which he forged the signatures of a United States District Court Judge of the District of New Jersey and the Deputy Clerk of the Eastern District of Pennsylvania.

Greene was indicted by a federal grand jury in the Eastern District of Pennsylvania with mail fraud in violation of 18 U.S.C. § 1341; using a means of identification to commit unlawful activity in violation of 18 U.S.C. § 1028(a)(7); using unauthorized access devices to obtain things of value of $1,000 or more in violation of 18 U.S.C. § 1029(a)(2); aggravated identity theft, in violation of 18 U.S.C. § 1028(a); and forgery of signatures of a judge and a court officer, in violation of 18 U.S.C. § 505.

Greene appeared before Judge Sánchez and, pursuant to a written plea agreement, pled guilty to all but two counts of the fifteen-count superseding indictment (he did not enter guilty pleas on two of five counts of aggravated identity theft). Pursuant to the written plea agreement, Greene waived his direct and collateral appellate rights in all but four circumstances: (1) if the Government appealed; (2) if the Court sentenced him above the statutory maximum; (3) if the Court erroneously departed upward from the Sentencing Guidelines; or (4) if the Court imposed an unreasonable sentence that was above the applicable Guidelines range.

Greene was sentenced to 99 months of imprisonment, five years of supervised release, a special assessment of $1,300, and restitution in the amount of $28,874.29.

## II.

Our rules provide that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders*." 3d Cir. L.A.R. 109.2(a). If we concur with trial counsel's assessment, we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* Accordingly, our "inquiry is . . . twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

In his *Anders* brief, Greene's attorney identified three potential grounds for appeal: (1) the District Court's jurisdiction; (2) the validity of Greene's guilty plea; and (3) the

3

legality of the sentence imposed. Our review of the record confirms counsel's assessment that there are no nonfrivolous issues for direct appeal.

First, we agree that the District Court had jurisdiction under 18 U.S.C. § 3231. Second, we will uphold the validity of Greene's plea agreement and enforce the appellate waiver therein. We conclude that the agreement was knowing and voluntary, and enforcing it would not work a miscarriage of justice. *See United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). Moreover, none of the four exceptions enumerated in the appellate waiver provision of Greene's plea agreement applies.

Next, Greene's guilty plea complies with the standards set forth in *Boykin v. Alabama*, 395 U.S. 238 (1969), and Federal Rule of Criminal Procedure 11. At his plea hearing, Greene was advised of his rights, and the consequences of pleading guilty, in a thorough colloquy with the District Court. The Court reviewed the statutory maximum and mandatory minimum penalties for the offenses, reviewed the appellate waiver provision, answered several questions posed by Greene, and complied with the specific colloquy requirements set out in Federal Rule of Criminal Procedure 11(c), for advising the defendant of his federal trial rights that he waives by pleading guilty.

Greene argues that enforcing the appellate waiver in the plea agreement would be a miscarriage of justice because he was not aware that the mandatory minimum sentences for his aggravated identity theft counts could run consecutively—a possibility that, he claims, was not written in the plea agreement. He also argues that the plea agreement is void because the Government breached it by requesting "that each mandatory minimum be consecutive to each other and to the underlying charges." (App. Reply Br. 5).

4

Greene's arguments regarding the validity of his waiver are unpersuasive. Contrary to his assertion, the plea agreement, to which he agreed after a thorough colloquy with the Court, does state that an aggravated identity theft conviction carries a penalty of 24 months of imprisonment that must run consecutively to the underlying offense. The District Court also informed Greene correctly regarding the sentencing range he faced for these counts. Moreover, the plea agreement explicitly states that the Government would make whatever "sentencing recommendation . . . the government deems appropriate" at the time of sentencing. Thus, we agree with Greene's counsel and the Government that his guilty plea was valid and his appellate waiver is enforceable.

Third, we review Greene's sentence for procedural and substantive reasonableness. *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007). In its Presentence Report ("PSR"), the Probation Office determined that Greene was subject to a total Guidelines range of 45 to 99 months of imprisonment. His 23 criminal history points yielded a criminal history category of VI. The base offense level started at seven, was increased by four levels because the loss amount exceeded $10,000 (but was less than $30,000), and was reduced by two levels due to acceptance of responsibility. Thus, the total adjusted base offense level was nine. Greene filed *pro se* objections to the PSR disputing the factual basis for his plea, the criminal history category calculation, and the offense level calculation.

At his sentencing hearing, the District Court overruled Greene's objections to the factual basis for his plea and the calculated loss amount. However, it upheld one of Greene's objections to the criminal history calculation for one prior conviction because it

5

formed part of the offense conduct in this case. His criminal history was adjusted to 20 points, still well over the 13-point threshold for criminal history category VI. The Court adopted the sentencing range in the PSR of 45 to 99 months' imprisonment.

Greene argues that the District Court erred in calculating his criminal history category and his base offense level, in imposing specific conditions of supervised release, in calculating the loss amount, and in ordering full restitution.[1] While we disagree, his challenges to his sentence, even if true, would be harmless error,[2] and in any event are barred by an enforceable appellate waiver.

In sum, the District Court correctly calculated the advisory Guidelines range, listened to Greene's arguments and those of his counsel, and considered the sentencing factors under 18 U.S.C. § 3553(a). The Court sentenced Greene to the top of the Guidelines range, but not beyond. In doing so, the Court stressed Greene's lengthy

---

[1] In regard to restitution, Greene contends that the Government's brief contradicts itself by stating that "[a]lthough Greene will be unemployed when he completes his sentence, he has a long work record," but later noting "[t]he Court stressed Greene's troubling criminal record, which dated back to his juvenile days and included 29 arrests and 15 convictions, and the facts [sic] that Greene spent most of his adult life in prison." (App. Reply Br. At 14) (internal citations omitted). Greene "asks, which one is it? Does Appellant have a long work record? Or did Appellant spend most of his adult life in prison? It cannot be both." Again, however, even if we were to credit Greene's argument, these statements in the Government's brief would not approach the high miscarriage of justice standard to overcome a valid waiver of appellate rights.

[2] For example, Greene argues that the District Court improperly calculated the Guidelines loss amount because, he contends, it improperly included counts for which there were no monetary losses. However, his own calculation of loss presented in his brief exceeds $20,000—well above the $10,000 threshold for purposes of increased sentencing under the Guidelines. Thus, even if we were to credit his argument, which we need not reach because his appellate waiver is enforceable, any error would have been harmless.

6

criminal history, including his use of 20 different names, his 29 previous arrests, 15 convictions, many prison sentences, and recidivism while on supervised release. The statutory maximum was not approached, let alone exceeded. Therefore, we agree with Greene's counsel that none of the conditions that could overcome an appellate waiver exists here and there is no non-frivolous basis upon which he may appeal his sentence at this time.

Finally, we note that Greene claims that his counsel was constitutionally ineffective for a number of reasons, including a claimed conflict of interest and alleged deficiencies in his performance at Greene's sentencing hearing. We have long established, however, that such a claim is properly presented in a collateral proceeding under 28 U.S.C. § 2255, rather than on direct appeal, "in order that the district court may create a sufficient record for appellate review." *Government of Virgin Islands v. Forte*, 806 F.2d 73, 77 (3d Cir. 1986). *See also United States v. Wise*, 515 F.3d 207, 215 (3d Cir. 2008); *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003). Thus, we express no opinion on the merits of his ineffectiveness claim at this time.[3]

Greene's counsel adequately fulfilled the requirements of *Anders*. Because our independent review of the record fails to reveal any nonfrivolous ground for direct appeal, we grant counsel's motion to withdraw and affirm Greene's sentence.[4] In addition,

---

[3] Similarly, to the extent that Greene argues that any aspect of his plea agreement was the product of ineffective assistance of counsel, we note only that such a claim is properly presented under 28 U.S.C. § 2255.

[4] Greene is hereby advised that under the Criminal Justice Act counsel is not obliged to file a petition for rehearing in this Court or a petition for writ of *certiorari* in

7

we certify that that the issues presented lack legal merit and that counsel is not required to

file a petition for writ of *certiorari* with the Supreme Court.  3d Cir. L.A.R. 109.2(b).

---

the United States Supreme Court.  *See* L.A.R. 35.4; 109.2(b).  If Greene wishes to pursue these avenues, he must do so *pro se*.

Should Greene wish to file before us a petition for rehearing, an original and 14 copies of a petition for rehearing *en banc* must be filed within 14 days of the entry of judgment, or if that time has passed, he may promptly file a motion to enlarge the time for such filing.  Counsel shall timely send a copy of this order to Greene.